**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| JAWBONE INNOVATIONS, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00081-JRG-RSP |
| | § | (Lead Case) |
| PANASONIC HOLDINGS | § | |
| CORPORATION et al, | § | |
| | § | |
| *Defendants*. | § | |

## REPORT AND RECOMMENDATION

Before the Court is the Rule 12(b)(6) Motion to Dismiss filed by Defendant HTC Corporation. **Case No. 2:23-cv-00077, Dkt. No. 22**.[1] For the following reasons, Defendant HTC's Motion should be **DENIED** without prejudice.

### I.    BACKGROUND

Jawbone originally filed Case No. 2:23-cv-00077 accusing HTC of direct, indirect, and willful infringement of U.S. Patent Nos. 8,019,091; 7,246,058; 10,779,080; 11,122,357; 8,467,543; 8,503,691; 8,321,213; and 8,326,611 (collectively the "Asserted Patents"). Case No. 2:23-cv-00077, Dkt. No. 1. The case was then consolidated with Lead Case 2:23-cv-00081. Case No. 2:23-cv-00077, Dkt. No. 23.

---

[1] HTC's Motion was filed prior to consolidation, with responsive briefing being filed in the now lead case 2:23-cv-00081. Hereinafter, Motion refers to 2:23-cv-00077, Dkt. No. 22; Response refers to 2:23-cv-00081, Dkt. No. 35; Reply, 2:23-cv-00081, Dkt. No. 39; and Sur-reply, 2:23-cv-00081, Dkt. No. 52. All other docket references are to 2:23-cv-00081.

## II.    ANALYSIS

### A.  Sufficiency of the Responsive Briefing Under the Local Rules

HTC argues that "Jawbone's failure to respond to HTC's statement of the issues as required

by the Local Rules leads to the presumption that Jawbone does not controvert HTC's statement of

the issues" and as a result falls within L.R. CV-7(d) as a failure to oppose the Motion. Reply at 4

(citing L.R. CV-7(a)(1), CV-7(d); *Hanson v. Werner Enters.*, No. 2:21-cv-00245, 2022 U.S. Dist.

LEXIS 228808, at *4–5 (E.D. Tex. 2022)).

The Local Rules in relevant part outline:

> [(a)(1)] Case dispositive motions shall contain a statement of the issues to be decided by the court. Responses to case dispositive motions must include a response to the movant's statement of issues.

> * * *

> [d.] A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion.

LR CV-7(a)(1), CV-7(d). The Court is not persuaded that the result HTC seeks, that the entirety

of the Motion be found uncontroverted, is supported by the Local Rules. *Hanson* is distinguishable

due to a lack of opposition which is not present here. Instead, Plaintiff has not included a recitation

of the issues to be decided by the Court but does provide responses to Defendant's single issue to

be decided in the Motion. *Compare Hanson*, 2022 U.S. Dist. LEXIS 228808, at *4–5, *with*

Response. Ultimately, the Court is not persuaded to make the jump between CV-7(a)(1) and CV-

7(d) considering the briefing presented.

### B.  Necessity of Claim Construction

HTC asserts that "no claim construction, nor any discovery is needed" to determine patent-

eligibility of the patents-in-suit. Motion at 22; Dkt. No. 30-1 at 2. HTC contends that construction

would not change that "the claims recite unpatentable signals" since "virtual microphones are

simply combinations of 'signals' output by physical microphones." Dkt. No. 30-1 at 2. Plaintiff responds that construction of at least "virtual microphone" is necessary to determine patent-eligibility. Response at 12–13; Dkt. No. 30-1 at 3–6. Plaintiff asserts that their construction position would be "a virtual microphone is a device, *i.e.* a microphone, and not merely a signal" referencing claim construction briefing that occurred in a separate case involving the patents-in-suit. Response at 13; *see Jawbone v. Samsung Elecs. Co.*, 2:21-cv-00186, Dkt. No. 119.

The Court finds that claim construction is necessary to determine whether the patents-in-suit contain patent-eligible subject matter. Defendant asserts that claim construction is not necessary but relies on the patents' specifications to determine what the claims encompass— analysis that is best undertaken in the claim construction process. *See* Dkt. No. 30-1 at 2. At a minimum, to decide the Motion presented the Court would have to consider whether the previous construction should be applied in this case, which, without the benefit of claim construction briefing, would be premature at this stage. *Phoenix Licensing, LLC v. Aetna, Inc.*, 2012 WL 12937525, at *1 (E.D. Tex. 2012) (C.J., Gilstrap) (citing *In re Bilski*, 545 F.3d 943, 951 (Fed. Cir. 2008)); *see Bancorp Servs., LLC v. Sun Life Assur. Co. of Canada*, 687 F.3d 1266, 1273–74 (Fed. Cir. 2012).

### III.   CONCLUSION

Accordingly, it is recommended that HTC's Motion to Dismiss be **DENIED** without prejudice such that it may be re-urged if appropriate after claim construction briefing has been considered by the Court.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of

plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 7th day of March, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE